IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GNOA TRUSTY,** *Plaintiff*, v. **GEO SECURE SERVICES, LLC.** *Defendant*. | CIVIL ACTION NO. 23-4563 |

<u>MEMORANDUM OPINION RE: SUMMARY JUDGMENT</u>

**Baylson, J.**                                                                                                                    May 1, 2025

I.   **FACTUAL BACKGROUND**

Plaintiff, Gnoa Trusty ("Plaintiff"), has been incarcerated at George W. Hill Correctional Facility ("the prison") for the past eight years. Defendant's Statement of Undisputed Facts at ¶ 3 ("Def. Facts"). The prison is located in Delaware County, Pennsylvania and at the time of the alleged incident was operated by Defendant, GEO Secure Services, LLC ("Defendant"), a private for-profit correctional facilities operator. Compl. at ¶¶ 2-3, ECF 1-4.[1] Plaintiff alleges that on July 3, 2021, he walked down the steps of Block 7A and slipped on water that had accumulated at the bottom of the steps. Id. at ¶ 12; Def. Facts at ¶ 10. Plaintiff alleges that he saw another inmate, known only by his nickname of "Runners," mopping the floor exactly when he fell. Compl. at ¶ 14; Plaintiff's Response to Defendant's Statement of Undisputed Facts at ¶ 10 ("Pl. Facts"). Plaintiff testified in his deposition that Runners "would have had to mop the area where [Plaintiff] fell before [Runners] travelled to the other part of the room." Pl. Facts at ¶

---

[1] While neither party raises the issue, the Court notes that at the time of Plaintiff's alleged injury, July 2021, the prison was a private for-profit correctional facility. In October 2021, the Delaware County Council voted to de-privatize the prison and after a six-month transition period, in April 2022, the County officially took back management of the prison.

10. Plaintiff alleges that there were no other signs or warnings that the floor was wet. Compl. at ¶ 14. Plaintiff alleges that after his fall, prison staff "came to his aid, witnessed the liquid on the floor, and medical staff was contacted." Id. at ¶ 13. Plaintiff alleges that as a result of the fall he suffered serious injuries, including a broken shoulder bone that required surgery. Id. at ¶ 18.

The parties agree that plaintiff was provided a copy of the inmate handbook and that the handbook contains provisions on how to file a grievance. Pl. Facts at ¶ 4. The parties also agree that Plaintiff filed several documents regarding the incident. Defendant alleges that Plaintiff filed "medical request slips" for medical staff to assess his shoulder injury. Def. Facts. at ¶ 7. Plaintiff alleges that he provided the nurse at least four written complaints. Pl. Facts at ¶ 7. However, the parties dispute whether the specific grievance forms detailed in the handbook were provided to Plaintiff and whether the handbook required prisoners to raise complaints via that specific grievance form. Id. at ¶ 5, 7.[2]

## II. PROCEDURAL BACKGROUND

Plaintiff originally filed his Complaint in the Court of Common Pleas of Delaware County on October 23, 2023. Defendant removed to federal court on November 20, 2023. ECF 1. Defendant filed the present Motion for Summary Judgment, ECF 22, and its Statement of Undisputed Material Facts, ECF 23, on January 10, 2025. Plaintiff filed a Response to the Motion on February 7, 2025, ECF 24, and to Defendant's Statement of Undisputed Facts on February 12, 2025, ECF 25.

---

[2] The Court reviewed the documents that Plaintiff provided to the prison regarding his fall. Plaintiff completed a "Inmate Request for Information" form on August 2, 2021, and sent four additional handwritten notes dated August 8, 2021, August 11, 2021, August 13, 2021, and one undated note. The first three notes are clearly stamped "no acute distress," which the Court presumes was added by the prison. See Pl. Ex. B, ECF 24-5.

### III. PARTIES' CONTENTIONS

#### A. Exhaustion

Defendant contends that Plaintiff's negligence claim must be dismissed because Plaintiff failed to exhaust his administrative remedies under the federal Prison Litigation Reform Act ("federal PLRA"). MSJ at 4-7.

Plaintiff asserts that his negligence claim is not subject to the federal PLRA because Plaintiff never filed a claim in federal court nor claimed a denial of any federal right. Resp. at 6.

#### B. Negligence Claim

Defendant contends that Plaintiff's negligence claim fails because (1) Defendant is a possessor of land and Plaintiff an invitee, (2) in cases of liquid on the floor, a possessor must have actual or constructive notice of the liquid's presence or have allowed the liquid to remain on the floor for an unreasonable amount of time, and (3) Plaintiff failed to present any evidence that Defendant had actual or constructive knowledge that the water was on the floor or that the water was on the floor for an unreasonable amount of time. MSJ at 8.

Plaintiff asserts that his negligence claim survives summary judgment because (1) Plaintiff was a business invitee, (2) Defendant had a duty to warn Plaintiff of any known hazards, whether Plaintiff was a business invitee or a licensee, and (3) Defendant's agent created the dangerous condition and thus Defendant had notice that there was water on the floor. Resp. at 17-20.

### IV. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict

3

for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."  Id. at 325.  After the moving party has met its initial burden, the adverse party's response must, by "citing to particular parts of materials in the record," show that a fact is "genuinely disputed."  Fed. R. Civ. P. 56(c)(1).  Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  Anderson, 477 U.S. at 255.

V. **DISCUSSION**

   A. **Exhaustion**

Defendant raises Plaintiff's failure to exhaust administrative remedies under the federal PLRA.  However, Plaintiff only asserts a state-law negligence claim.  District courts within the Third Circuit have held that state-law claims, including negligence claims, filed in federal court are not subject to the federal PLRA because they are not "brought under § 1983, or any other Federal law," as required by § 1997e(a).[3]  Thus, the Pennsylvania Prison Litigation Reform Act

---

[3] See Barclay v. Washington, 2015 WL 6102344, at *3 (E.D. Pa. Oct. 15, 2015) (Savage) (holding that the Pennsylvania PLRA applies to prisoner's state law claims and does not toll the statute of limitations while prisoners

("Pennsylvania PLRA"), not the federal PLRA, applies to Plaintiff's negligence claim. See 42 Pa. Cons. Stat. Ann. § 6603(b) ("prison conditions litigation arising in whole or in part due to an allegation of a violation of Pennsylvania law shall be subject to the limitations set forth in this act with respect to those claims arising under Pennsylvania law."). Unlike the federal PLRA, Pennsylvania's PLRA does not require exhaustion. See Paluch v. Palakovich, 84 A.3d 1109, 1113 (Pa. Commw. Ct. 2014). Thus, issues related to exhaustion of administrative remedies are not relevant as it relates to Plaintiff's negligence claim against Defendant.

### B. Negligence Claim

Under Pennsylvania law, "[i]n any case sounding in negligence, a plaintiff must demonstrate: (1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." Farabaugh v. Pa. Turnpike Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006) (citing R.W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005)).

#### 1. Duty of Care

To start, the parties dispute whether Plaintiff is an invitee or a business invitee. MSJ at 8; Resp. at 17-18. Under Pennsylvania law, inmates are considered invitees. See Graf v. Cnty. of Northampton, 654 A.2d 131, 134 (Pa. Cmwlth. 1995). Plaintiff has cited no case that holds that

---

exhaust administrative remedies because it does not require exhaustion); Alexander v. Thornley, 2023 WL 11964419, at *10 (W.D. Pa. Jul. 19, 2023) (holding that plaintiff's state-law negligence/medical malpractice claim could not be dismissed due to failure to exhaust the administrative requirements of the federal PLRA); Douglas v. Joseph, 2016 WL 561944, at *5 (M.D. Pa. Feb. 12, 2016) (holding that the federal PLRA did not apply because plaintiff asserted state-law claims and that plaintiff was not required to exhaust administrative remedies because the Pennsylvania PLRA does not contain an exhaustion requirement); Giamboi v. Prison Health Servs., 2014 WL 12495641, at *7 (M.D. Pa. Sept. 11, 2014), *report and recommendation adopted sub nom.*, 2015 WL 12159307 (M.D. Pa. Jan. 13, 2015) (dismissing plaintiff's federal claims for failure to exhaust administrative remedies and declining to exercise supplemental jurisdiction over the remaining state law claims); El v. Matson, 2023 WL 4134723, at *7 n.6 (W.D. Pa. June 22, 2023) (holding that only federal claims are subject to PLRA exhaustion); Bailey v. Wetzel, 2021 WL 5280926, at *8 (W.D. Pa. Nov. 12, 2021) (holding that the Pennsylvania PLRA and not federal PLRA applied to plaintiff's defamation claims and thus the statute of limitations did not toll while plaintiff exhausted his administrative remedies, as the Pennsylvania PLRA does not have an exhaustion requirement).

Pennsylvania prisons owe inmates a higher standard of care. The Court notes that Graf and most of its progeny discuss the standard of care owed to inmates in the context of government operated prisons. However, Graf identified "those charged with the responsibility of [inmates] care" not government owned prisons, specifically, when it determined that inmates are due the level of care owed to invitees. This Court has previously held that "prison officials owe prisoners a duty of care, at least insofar as they 'must take reasonable measures to guarantee the safety of inmates'" and in doing so noted that inmates are treated as invitees. See Peters v. Comm. Educ. Cntrs., Inc., 2011 WL 5024282, at *6 (E.D. Pa. Oct. 19, 2011) (Baylson) (internal citations omitted).[4] [5]

The duty owed to invitees is set forth in the Restatement (Second) of Torts §§ 341A, 343, and 243A (1965). As to conditions on the land which are known to or discoverable by the possessor of land, the possessor is subject to liability only if it:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

---

[4] Peters, 2011 WL 5024282, at *6 (E.D. Pa. Oct. 19, 2011) held that a privately operated prison owed prisoners a duty of care, "at least insofar as they 'must take reasonable measures to guarantee the safety of inmates'" and that prisons are "analogous to invitees for purposes of determining the duty of care owed by prison officials." (Quoting Whitley v. Albers, 475 U.S. 312, 320 (1986); Cochrane v. Kopko, 975 A.2d 1203, 1206 (Pa. Cmmw. 2009)).
[5] That private prisons owe inmates the same duty of care as government owned prisons is further supported by Rodgers v. Comm. Educ. Ctrs. Inc., 2019 WL 2409834 (E.D. Pa. Jun. 6, 2019) (No. 18-1954) (Pappert). In Rodgers, plaintiff was an inmate at the same private prison, albeit under its prior ownership, and brought a nearly identical claim as Plaintiff in this case. The Rodgers plaintiff alleged that the prison's negligence caused his injury after he slipped and fell on a wet floor that had been mopped by other inmates. In his summary judgment briefing, the Rodger's plaintiff agreed that the private prison owed him the duty of care due to an invitee. See ECF 32 at 12.

Restatement (Second) of Torts § 343. The Restatement also provides that "the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated." Restatement (Second) of Torts § 343A comment b. "Although the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion." Graf, 654 A.2d at 134 (citing Carrender v. Fitterer, 469 A.2d 120, 124 (Pa. 1983)).

### 2. Breach of Duty

Defendant contends that it did not breach its duty of care to Plaintiff because (1) it did not have actual or constructive notice that the water was on the floor, and (2) the water was not on the floor for an unreasonable amount of time. MSJ at 8. In contrast, Plaintiff argues that Defendant had actual notice that water was on the floor because the spill was created by an inmate acting on behalf of Defendant. Resp. at 18.

In considering whether inmates are employees for purposes of creating an agency relationship effecting liability, Pennsylvania courts have asked whether the inmate would be included in the relevant statutory definition of employee. In interpreting Pennsylvania law, courts have held that inmates are employees under the statute affecting liability for civil actions against government entities as well as under the Fair Labor Standards Act ("FLSA") for work that is not "intra-prison work." Conversely, courts have held that inmates are not employees under the Worker and Community Right to Know Act, Public Employee Relations Act, and FLSA for work that is deemed "intra-prison work."[6]

---

[6] See Allen v. Wayne Cnty. Corr. Facility, 88 A.3d 1035 (Pa. Commw. Ct. 2013) (inmates are employees under 42 Pa.C.S.A. § 8501); Burrell v. Staff, 60 F.4th 25 (3d Cir. 2023) (whether inmates are employees under FLSA depends on whether inmates performed "intra-prison" work); Heffran v. Dep't of Lab. and Indus., 863 A.2d 1260 (Pa. Commw. Ct. 2004) (inmates are not employees under Worker and Community Right to Know Act; Salah v. Pa. Lab.

7

In the present case there is no applicable statute, thus the Court will turn to traditional agency-principal laws to determine whether the inmate mopping the floors was an agent of the prison. See Breslin by Breslin v. Ridarelli, 454 A.2d 80, 82 (Pa. Super. Ct. 1982) (whether a principal-agent relationship exists "is one of fact for the jury to determine."); Coryell v. Morris, 330 A.3d 1270 (Pa. Super. Ct. 2025) (if the facts of a principal-agent relationship are in dispute, the precise nature of the relationship is a jury question.). "The law is clear in Pennsylvania that the three basic elements of agency are: 'the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking.'" Basile v. H&R Block, Inc., 761 A.2d 1115, 1120 (Pa. 2000) (quoting Scott v. Purcell, 415 A.2d 56, 60 (Pa. 1980)). At the outset, the Court notes that under Pennsylvania law a traditional agency-principal relationship appears to only have been recognized between inmates and the government when the inmate works as a confidential informant. See Commonwealth v. Franciscus, 710 A.2d 1112, 1118 (Pa. 1998); U.S. v. Brink, 39 F.3d 419, 423 (3d Cir. 1994); Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 893 (3d Cir. 1999). The Court is aware of no case where an inmate has been deemed an agent of the prison when carrying out prison work. Likewise, the Court is aware of no case that precludes such a relationship. As such, Defendant is not entitled to judgment as a matter of law and the Court must deny summary judgment. Whether a principal-agent relationship existed between the inmate mopping the floor and the prison is a question of fact for the jury.

If the inmate mopping the floor was an agent of the prison, then Plaintiff does not need to prove that the prison was on notice to hold the prison liable. See Moultrey v. Great A&P Tea Co., 422 A.2d 593, 539 (Pa. Super. Ct. 1980). In slip and fall cases an invitee must present

---

Rel. Bd., 394 A.2d 1053 (Pa. Commw. Ct. 1978) (inmates are not employees under the Public Employer Relations Act).

evidence which proves that the proprietor of land deviated in some way from his duty of reasonable care under the circumstances. See Bennett v. Dollar Gen., Inc., 2020 WL 3964971, at *4 (E.D. Pa. Jul. 13, 2020) (Baylson) (quoting Rodriguez v. Kravco Simon. Co., 111 A.3d 1191, 1193 (Pa. Super. Ct. 2015)). "This evidence must show either the proprietor of the land had a hand in creating the harmful condition, or it had actual or constructive notice of such condition." Id.; see Oudolsky v. Mount Airy Casino #1, LLC, 2024 WL 4542755, at *5 (Pa. Super. Ct. 2024) (reversing grant of summary judgment to defendant where a jury might reasonably find that the defendant's employees created the slippery spot on which the plaintiff fell). There is a genuine question as to whether the prison, the proprietor of the land, had a hand in creating the harmful condition, spilled water, because it is a question of fact for the jury whether the prisoner mopping the floor was an agent of the prison.[7]

### 3. Causal Connection

"Proximate or legal causation is defined as '[t]hat which, in a natural and continuous sequence, unbroken by any [su]fficient intervening cause, produces the injury, and without which the result would not have occurred.'" Sullivan v. Truist Bank, 715 F.Supp.3d 668, 672 (E.D. Pa. 2024) (Kenny) (quoting Wisniewski v. Great Atl. and Pac. Tea Co., 323 A.2d 744, 748 (Pa. Super. Ct. 1974)).

Plaintiff alleges that he slipped and fell on the water that had pooled under the stairs of block 7A. Compl. at ¶ 12. Plaintiff further alleges that as a result of his fall he suffered a serious shoulder injury that necessitated surgery. Id. at ¶ 18. If proven at trial, this is sufficient to establish a causal connection between Defendant's conduct and Plaintiff's injury.

---

[7] The Court must deny summary judgment because whether the prisoner mopping the floor was an agent of the prison and thus Defendant had a hand in creating the harmful condition is a question for the jury. As such, the Court does not address any other basis under which Defendant may be liable.

### 4. Loss or Damage

Lastly, Plaintiff must establish that Defendant's negligence caused him "actual loss or damage." Farabaugh, 911 A.2d at 1272–73.

Plaintiff alleges that he suffered serious injuries as a result of his fall, including a broken shoulder that required surgery. Compl. at ¶ 18. If Plaintiff's injuries are proven at trial, a reasonable jury can find that Plaintiff suffered actual loss or damage from the fall.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED.