IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GNOA TRUSTY,** *Plaintiff,* v. **GEO SECURE SERVICES, LLC.** *Defendant.* | **CIVIL ACTION** **NO. 23-4563** |

**MEMORANDUM RE: RECONSIDERATION MOTION**

**Baylson, J.**                                                                                                       **May 13, 2025**

Plaintiff's Complaint was originally filed in state court and removed by Defendant based on diversity jurisdiction, but Pennsylvania law still applies. Presently before the Court is Defendant's Motion for Reconsideration, ECF 29, regarding the Court's denial, ECF 26, of Defendant's Motion for Summary Judgment, ECF 22. For the reasons explained below, Defendant's Motion is **DENIED**.

I.   **DEFENDANT'S CONTENTION**

Defendant contends that the Court has made an "error of law" in denying Defendant's Motion for Summary Judgment, arguing that Porter v. Nussle, 534 U.S. 516 (2002) dismissed state law claims of assault and battery under the federal Prison Litigation Reform Act ("federal PLRA") and "therefore this controlling law should be applied to this case." Mot. at ¶ 1. Defendant is wrong. The Court refers to the Pennsylvania Prison Litigation Reform Act ("Pennsylvania PLRA"), which unlike the Federal PLRA does not contain an exhaustion requirement.

1

II. **DISCUSSION**

As a preliminary matter, Defendant misstates Porter's procedural posture. The Supreme Court did not dismiss any of plaintiff's claims but rather remanded the case for further proceedings pursuant to its holding that "the [federal] PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. Upon remand, the judgment of the district court was affirmed.

Defendant's Motion will be denied as Defendant fails to address Porter's holding, the applicability of the Pennsylvania PLRA, or any of the cases from this Circuit that hold that the Pennsylvania PLRA applies to state law claims.

A. **Porter's Holding**

Defendant fails to address Porter's holding that "the [federal] PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. Porter specifically concludes that "exhaustion is now required for all actions brought with respect to prison conditions, whether under § 1983 *or any other Federal law*." Id. at 524 (internal citations omitted) (emphasis added). Nussle v. Willette, et al., 1999 WL 34802231, at *2 (D. Conn. Nov. 22, 1999), attached as Exhibit A, ECF 29-4, to Defendant's Motion, clearly identifies the issues before the court as: "(1) whether the exhaustion requirement applies where the relief requested, i.e., money damages, is not available through the administrative process, and (2) whether cases alleging the use of excessive force are actions 'with respect to prison conditions' as that phrase is used in 42 U.S.C. § 1997e(a)." . The district court's holding is clear, "prisoner claims of excessive force under the Eighth Amendment are

claims 'with respect to prison conditions' and thus, are subject to § 1997e(a)'s exhaustion requirement." Id. at *4.

Likewise, the Third Circuit, relying on Porter, has held that federal laws are subject t the federal PLRA. See Kalu v. Spaulding, 113 F.4th 311, 333 (3d Cir. 2024) (holding that the federal PLRA "created a mandatory exhaustion provision for cases brought by inmates with respect to prison conditions, whether under § 1983 or any other Federal law"). Defendant misstates the Supreme Court's holding, and does not address that the district court's holding is specific to federal law claims, even if the court also dismissed pendent state law claims.

### B. Pennsylvania PLRA

Defendant fails to address the Pennsylvania PLRA, that states that "prison conditions litigation arising in whole or in part due to an allegation of a violation of Pennsylvania law shall be subject to the limitations set forth in this act with respect to those claims arising under Pennsylvania law." Pa. Cons. Stat. Ann. § 6603(b). Plaintiff brings a state law negligence claim that arises in whole due to an alleged violation of Pennsylvania law. Defendant makes no argument as to why the Pennsylvania PLRA is not applicable.

### C. Relevant Caselaw

Defendant fails to address any of the numerous cases from this Circuit that hold that the Pennsylvania PLRA, not federal PLRA, applies to state law claims. Nor does Defendant provide any case from this Circuit holding that a claim arising from a violation of Pennsylvania law is subject to the federal PLRA. The Third Circuit has declined to "decide whether state law claims must be exhausted under the PLRA" and has instructed district courts to dismiss pendent state law claims, without prejudice, and allow them to proceed in state court. See Spencer v. Bush, 534 Fed. App'x 209, 213 (3d Cir. 2013) (non-precedential).

When faced with a state law claim brought in federal court pursuant to diversity jurisdiction, a court in this Circuit explicitly held that state law claims are subject to the Pennsylvania PLRA. In Douglas v. Joseph, plaintiff brought Pennsylvania state law claims of replevin and conversion in federal court via diversity jurisdiction. 2016 WL 561944 (M.D. Pa. Feb. 12, 2016). The Court rejected defendant's argument that plaintiff's amended complaint must be dismissed for failure to exhaust administrative remedies because the federal PLRA "does not apply" as the federal PLRA "specifically provides '[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or *any other Federal law*, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" Id. at *5 (internal citations omitted).[1] The Court explained that "[a]lthough Douglas is proceeding in federal court, he is pursuing state-law claims. Thus, section 1997(e)(a) does not apply. Additionally, while Pennsylvania does have its own PLRA . . . it 'does not contain an exhaustion requirement comparable to that in Section 1997e(a) of the federal PLRA.' Thus, Douglas was not required to exhaust his administrative remedies prior to bringing this action in diversity." Id. (quoting Paluch v. Palakovich, 84 A.3d 1109, 1123 (Pa. Commw. Ct. 2014)). Douglas' holding is consistent with that of other courts in this Circuit that have held that the Pennsylvania PLRA applies to Pennsylvania law claims. See Barclay v. Washington, 2015 WL 6102344, at *3 (E.D. Pa. Oct. 15, 2015) (Savage); El v. Matson, 2023 WL 4134723, at *7 n.6 (W.D. Pa. June 22, 2023); Bailey v. Wetzel, 2021 WL 5280926, at *8 (W.D. Pa. Nov. 12, 2021).

---

[1] The court dismissed plaintiff's state law claims on the basis that plaintiff failed to establish diversity jurisdiction and alternatively because the claims were barred by the statute of limitations. See Douglas, 2016 WL 561944, at *4-5.

4

### III. CONCLUSION

For the reasons stated above, Defendant's Motion for Reconsideration is **DENIED.**

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 23\23-4563 Trusty v Geo Secure Srvcs\22-4563 opinion re reconsideration mot.docx